IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CEDRIC WAYNE BAGBY, § | | |
| No. 423282, § | | CV NO. 5:13-cv-1092-DAE |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| JANICE STAPLES, District Clerk, Anderson § | | |
| County, Texas, § | | |
| Ms. BAILEY, Chief of Classification, TDCJ's § | | |
| Michael Unit, § | | |
| V. JONES, Chairman of Classification, § | | |
| Ms. SHIPP, Classification Officer, TDCJ's § | | |
| Clements Unit, § | | |
| STEVE M. EVANS, Grievance Investigator, § | | |
| TDCJ's Clements Unit, § | | |
| Ms. HOLLIGAN, Chief of Classification, § | | |
| TDCJ's Clements Unit, § | | |
| NANCY F. ATLAS, Judge, and § | | |
| DAVID J. BRADLEY, Clerk, § | | |
| § | | |
| Defendants. § | | |
| § | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cedrick Wayne Bagby filed this civil rights action pursuant to 42 U.S.C. § 1983 naming as defendants one United States District Judge from the U.S. District Court for the Southern District of Texas, the Clerk of the U.S. District Court for the Southern District of Texas, the District Clerk of Anderson County, Texas, the Chief Classification Officer of the TDCJ's Michael Unit in Tennessee Colony, Texas, the Chair of the TDCJ's "Classification and Record" Board, a Classification Officer at the TDCJ's Clements Unit in Amarillo, a grievance investigator at the TDCJ's Clements Unit in Amarillo, and the Chief of Classification at the TDCJ's Clements Unit In Amarillo. For the reasons set forth below, Plaintiff's attempt to

litigate his clearly frivolous claims herein are foreclosed by the provisions of 28 U.S.C. § 1915(g) and the Complaint will therefore be **DISMISSED WITHOUT PREJUDICE**.

## I. Background

Plaintiff filed a Complaint in this Court on September 2, 2014.  (Dkt. # 1.)  In the Complaint, Plaintiff alleges that (1) his Section 2254 habeas corpus action filed in the U.S. District Court for the Southern District of Texas was erroneously dismissed in March or April, 2012; (2) various TDCJ officials failed to properly handle grievances Plaintiff filed and deprived Plaintiff of due process in connection with Plaintiff's loss of good conduct time credits between 1998 and 2003, (3) the District Clerk of Anderson County, Texas directed Plaintiff to transfer an unspecified cause of action to Harris County, Texas on an unspecified date, and (4) various TDCJ officials have acted improperly in connection with Plaintiff's reduction in classification status at unspecified time periods.

In a Show Cause Order issued September 9, 2014, the Magistrate Judge discussed the many defects in Plaintiff's Complaint and noted Plaintiff's failure to allege any facts which showed Plaintiff was then under imminent threat of serious physical injury.  (Dkt. # 3.)  To date, Plaintiff has made no effort to comply with the Magistrate Judge's directive that Plaintiff file an amended complaint addressing the defects in Plaintiff's original Complaint and allege facts showing Plaintiff is under imminent threat of serious physical injury.

As did the Magistrate Judge, this Court takes judicial notice of the fact that Plaintiff, who is currently an inmate at the Texas Department of Criminal Justice's W.P. Clements Unit in Amarillo, Texas, has previously filed not less than four federal lawsuits which were dismissed as frivolous.  Specifically, Plaintiff filed (1) No. 1:12-cv-2001, styled *Bagby v. Thaler*, in the United States District Court for the District of Columbia; (2) No. 1:13-cv-225,

styled *Bagby v. President of Bank of America*, in the United States District Court for the District of Columbia; (3) No. 2:13-cv-12, styled *Bagby v. Thaler*, in the Amarillo Division of the United States District Court for the Northern District of Texas; and (4) No. 4:13-cv-598, styled *Bagby v. Fathi*, in the Houston Division of the United States District Court for the Southern District of Texas. All of these actions were dismissed as frivolous.

The Court also takes judicial notice of Plaintiff's prior convictions. Plaintiff was convicted in cause no. 446442, in May 1988, in Harris County, Texas, of attempted murder and sentenced to serve a 45-year term in the Texas Department of Criminal Justice's Institutional Division. Plaintiff was also convicted in cause no. 446441, in May 1988, in Harris County, Texas, of murder with a deadly weapon and sentenced to serve another forty five year term of imprisonment. Finally, Plaintiff was convicted in in cause no. 19,938, in October 1988, in Anderson County, Texas, of aggravated assault on a correctional officer and sentenced to serve a six-year term of imprisonment.

The Court also takes judicial notice of the fact that Plaintiff has filed or attempted to file a host of new § 1983 lawsuits in this Court against myriad federal judicial officers and court staff, complaining cryptically about their handling and disposition of prior lawsuits Plaintiff has filed or attempted to file in various federal courts across the nation. Specifically, Plaintiff has filed the following actions in this Court: (1) SA-14-CA-682-XR, *Bagby v. King, et al.*, a § 1983 action against two U.S. District Judges in California, a U.S. District Clerk in California, and the Clerk of the U.S. Circuit Court for the Ninth Circuit[1]; (2) SA-14-CA-735-FB (JWP), *Bagby v. Harmon, et al.*, a § 1983 action against two federal District Judges and the U.S.

---

[1] United States District Judge Xavier Rodriguez denied Plaintiff leave to proceed in forma pauperis in that cause on September 18, 2014, and summarily dismissed all of Plaintiff's claims.

District Clerks in Houston and Washington, D.C.[2]; (3) SA-14-CA-736-OLG, *Bagby v. Rosenthal, et al.*, a § 1983 action against a District Judge of the United States District Court for the Southern District of Texas, the Clerk of the United States District Court for the Southern District of Texas, a Northern District of Texas U.S. District Judge, and a Northern District Magistrate Judge[3]; (4) SA-14-CA-737–XR (HJB), *Bagby v. Dunn, et al.*, a § 1983 action against a deputy U.S. District Clerk in Washington, D.C. and two Deputy Clerks for the Ninth Circuit Court of Appeals[4]; (5) SA-14-CA-741-HLH, *Bagby v. Glenn, et al.*, a § 1983 action against supervisory personnel at the TDCJ's Clements Unit in Amarillo[5]; (6) SA-14-CA-776-XR (HJB), *Bagby v. Harmon, et al.*, a § 1983 action against a District Judge in the United States District Court for the Southern District of Texas, a Magistrate Judge for the United States District Court for the Northern District of Texas, and two unnamed district or magistrate judges in Washington, D.C.[6]; (7) SA-14-CA-778-DAE (JWP), *Bagby v. Hughes, et al.*, a § 1983 action against a United

---

[2] Chief United States District Judge Fred Biery summarily dismissed Plaintiff's claims on September 24, 2014, for failure to allege any facts showing Plaintiff was subject to imminent danger of serious physical injury and because the judicial officers named as defendants were entitled to absolute judicial immunity from Plaintiff's § 1983 claims.

[3] United States District Judge Orlando L. Garcia summarily dismissed Plaintiff's action without prejudice on August 21, 2014, because Plaintiff is barred from proceeding in forma pauperis, Plaintiff failed to allege any facts showing he is under imminent threat of serious physical injury, and Plaintiff failed to pay the filing fee.

[4] United States District Judge Xavier Rodriguez summarily dismissed Plaintiff's action without prejudice on August 21, 2014, because Plaintiff is barred from proceeding in forma pauperis, Plaintiff failed to allege any facts showing Plaintiff is under imminent threat of serious physical injury, and Plaintiff failed to pay the filing fee.

[5] Senior United States District Judge Harry L. Hudspeth transferred this cause to the Amarillo Division of the U.S. District Court for the Northern District in an Order issued August 20, 2014.

[6] United States District Judge Xavier Rodriguez summarily dismissed the action on September 15, 2014, based on Plaintiff's failure to allege any facts showing Plaintiff was subject to imminent threat of serious physical injury and because Judge Harmon was entitled to absolute judicial immunity from Plaintiff's § 1983 claims.

States District Judge for the Southern District of Texas, the Clerk of the U.S. District Court for the Southern District of Texas, and a Magistrate Judge for the U.S. District Court for the Northern District of Texas[7]; (8) SA-14-CA-779-FB (PMA), *Bagby v. Atlas, et al.,* a § 1983 action against three District Judges and the Clerk of the U.S. District Court for the Southern District of Texas[8]; (9) SA-14-CA-780-DAE (PMA), *Bagby v. Preska, et al.*, a § 1983 action against the Chief Judge of the U.S. District Court for the Southern District of New York, the U.S. Magistrate Judge for the Amarillo Division of the Northern District of Texas, and a District Judge in Washington, D.C.[9]; and (10) SA-14-CA-781-FB (HJB), *Bagby v. Smith, et al.*, a § 1983 action against two Assistant Harris County (Texas) District Attorneys, three District Judges for the U.S. District Court for the Southern District of Texas, and two clerks with the Texas Court of Criminal Appeals.[10]

---

[7] The undersigned Senior United States District Judge summarily dismissed Plaintiff's action on September 8, 2014, based on Plaintiff's failure to allege any facts showing he was under imminent threat of serious physical injury, the doctrine of absolute judicial immunity, and because the named defendants were federal officials or employees and thus were not acting under color of state law.

[8] Chief United States District Judge Fred Biery summarily dismissed Plaintiff's action on September 10, 2014, based on Plaintiff's failure to allege any facts showing Plaintiff was under imminent threat of serious physical injury, the doctrine of absolute judicial immunity, and the fact that the named defendants were all federal officials or employees and thus were not acting under color of state law.

[9] The undersigned Senior United States District Judge summarily dismissed Plaintiff's action on September 8, 2014 based upon Plaintiff's failure to allege any facts showing Plaintiff was then under imminent threat of serious physical injury, the doctrine of absolute judicial immunity, and the fact that the defendants were not state employees or officials and thus were not acting under color of state law.

[10] Chief United States District Judge Fred Biery summarily dismissed Plaintiff's action on September 23, 2014, based on Plaintiff's failure to allege any facts showing Plaintiff was under imminent threat of serious physical injury, the doctrines of absolute judicial and prosecutorial immunity, and the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), which forecloses civil rights actions collaterally attacking otherwise final state criminal convictions.

## II. Proceedings In Forma Pauperis

Under 28 U.S.C. § 1915, a prisoner is barred from bringing a civil action or appealing a judgment in a civil action or proceeding in forma pauperis if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g) (2012). As detailed in the preceeding discussion, Plaintiff's record of litigation includes at least four lawsuits that have been dismissed as frivolous. Additionally, Plaintiff's Complaint does not allege any specific facts showing Plaintiff is currently under imminent threat of serious physical injury. As a result, Plaintiff is barred from bringing this action in forma pauperis, and his Motion to Proceed In Forma Pauperis (Dkt. # 2) is therefore **DENIED**.

## III. Standard of Review Under Sections 1915 and 1915A

28 U.S.C. Section 1915(e) accords judges the authority to dismiss a claim based on a meritless legal theory as well as the unusual power to examine the complainant's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 31–32, (1992); Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995). The Prison Litigation Reform Act of 1996 expanded the scope of the provision to expressly authorize dismissals of lawsuits as frivolous regardless of whether a filing fee or any portion thereof had been paid. Jackson v. Stinnett, 102 F.3d 132, 136–37 (5th Cir. 1996); 28 U.S.C. § 1915(e)(2)(B)(i).

In an action filed in forma pauperis, the district court may raise sua sponte the issue of whether an action is malicious or frivolous under § 1915(e). Neitzke v. Williams, 490

U.S. 319, 327 (1989); Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). The district court may test the proceeding for frivolousness or maliciousness even before service of process or the filing of an answer. Brewster v. Dretke, 587 F.3d 764, 767 (5th Cir. 2009). Dismissal of a claim as frivolous under § 1915(e) is permissible where the claim lacks an arguable basis either in law or in fact. Neitzke, 490 U.S. at 325; Rogers v. Boatright, 709 F.3d 403, 407 (5th Cir. 2013). Failure to state a claim, without more, does not render a case frivolous. Neitzke, 490 U.S. at 331.

A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. Rogers, 709 F.3d at 407; Samford v. Dretke, 562 F.3d 674, 678 (5th Cir. 2009). Typical examples of claims which can be dismissed pursuant to § 1915(e) include claims in which defendants are clearly immune from suit, Neitzke, 490 U.S. at 327, 109; Krueger v. Reimer, 66 F.3d 75, 77 (5th Cir. 1995) (upholding the dismissal of civil rights lawsuits as frivolous), claims of infringement of a legal interest that clearly does not exist, Neitzke, 490 U.S. at 327; Longoria v. Dretke, 507 F.3d 898, 901 (5th Cir. 2007) (upholding dismissal of complaints concerning prison grooming regulations as frivolous); Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998) (holding that plaintiff's complaints that he was assigned to a filthy cell for three days did not raise even an arguable basis for relief), and claims which are barred by statutes of limitations, Harris, 198 F.3d at 156; Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

A complaint lacks an arguable basis in fact if, after providing the Plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. Denton, 504 U.S. at 32–33; Rogers, 709 F.3d at 407. In reviewing a complaint under § 1915(e), the district court is not bound to accept the truth of a plaintiff's allegations. Denton, 504 U.S. at 32. A court may only dismiss a claim as factually frivolous, however, if the facts alleged are

clearly baseless or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.  Id. at 32–33; Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992) (complaints that are clearly baseless include those which describe fanciful, fantastic, or delusional scenarios).

The district court may consider sua sponte affirmative defenses that are apparent from the record even where they have not been addressed or raised in the pleadings on file.  Harris, 198 F.3d at 156; Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995).  When it is clear from the face of the complaint that the claims asserted are subject to a meritorious defense, such as a peremptory time bar, dismissal with prejudice is appropriate.  Graves v. Hampton, 1 F.3d 315, 319–20 (5th Cir. 1993).

### IV. Liability Under § 1983

42 U.S.C. § 1983 does not create substantive rights, but instead was designed to provide a remedy for violations of federal statutory and constitutional rights.  Sepulvado v. Jindal, 729 F.3d 413, 420 n.17 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1789 (2014); Jackson v. City of Atlanta, Tex., 73 F.3d 60, 63 (5th Cir. 1996), *cert. denied*, 519 U.S. 818 (1996).  There are two essential elements to a § 1983 action: (1) the conduct in question must be committed by a person acting under color of state law, and (2) the conduct must deprive the Plaintiff of a right secured by the Constitution or the laws of the United States.  Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1935 (2014); Augustine v. Doe, 740 F.2d 322, 324–25 (5th Cir. 1984).

A person acts under color of state law if he misuses power possessed by virtue of state law and the act is made possible only because the wrongdoer is clothed with the authority of state law.  Bustos v. Martini Club Inc., 599 F.3d 458, 464 (5th Cir. 2010) (citing West v.

Atkins, 487 U.S. 42, 49 (1988)).  In considering whether an officer of the state is acting under color of state law, the court must consider whether the officer misused or abused his or her official power and whether there is a nexus between the victim, the improper conduct, and the officer's performance of official duties.  Id. at 464–65.  Mere negligence by a state official does not give rise to § 1983 liability.  Daniels v. Williams, 474 U.S. 327, 332–35 (1986); Whitley v. Hanna, 726 F.3d 631, 643 (5th Cir. 2013) ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and thus do not divest the official of qualified immunity.").

Here, Plaintiff has named as defendants several supervisory TDCJ officials and has not alleged any specific facts showing those defendants were personally involved in any of the matters which form the basis for Plaintiff's § 1983 claims in this lawsuit.  As a result, any liability under § 1983 must be based on Defendants' supervisory authority.

### V. No Supervisory Liability Under § 1983

Under § 1983, supervisory state officials are not vicariously liable for the actions of their subordinates.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (citing Dunlop v. Munroe, 7 Cranch 242, 269 (1812)); Carnaby v. City of Houston, 636 F.3d 183, 189 (5th Cir. 2011).  Only an official's direct acts or omissions give rise to individual liability.  See Jones v. Lowndes Cnty., Miss., 678 F.3d 344, 349 (5th Cir. 2012) ("A Section 1983 claimant must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." (internal quotation marks omitted)).

Generally, a supervisor may be held liable only if there exists either (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation, such as where the supervisor

implemented or enforced unconstitutional policies which actually resulted in the Plaintiff's injuries.  Porter v. Epps, 659 F.3d 440, 446 (5th Cir. 2011).  A supervisor may be held personally liable for inadequate supervision or a failure to train subordinates only where the failure to train or supervise amounts to "deliberate indifference" and is a proximate cause of a constitutional violation.  See id. ("A supervisor may also be liable for failure to supervise or train if: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the Plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." (internal quotation marks omitted)).

Deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Id. at 446–47 (citing Connick v. Thompson, 131 S. Ct. 1350, 1360 (2011)).  "To establish that a state actor disregarded a known or obvious consequence of his actions, there must be actual or constructive notice that a particular omission in [the state] training program causes employees to violate citizens' constitutional rights, and the actor nevertheless chooses to retain that program." Id. at 447 (internal quotation marks omitted).  "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference," because "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." Id. (quoting Connick v. Thompson, 131 S. Ct. 1350, 1360 (2011)).

Here, Plaintiff has failed to allege any specific facts showing that any of the supervisory state officials named as defendants in this lawsuit were personally involved in any action or omission which Plaintiff identifies as having violated Plaintiff's clearly established

federal constitutional rights. Plaintiff has further failed to allege that Defendants Atlas or Bradley, who are federal officials, acted under color of state law. As a result, Plaintiff's claims under § 1983 must fail.

## VI. Absolute Judicial Immunity

It is settled law, established in our jurisprudence for over a century, that judges enjoy absolute immunity from liability for damages for judicial acts performed within their jurisdiction. See Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986) (citing Randall v. Brigham, 74 U.S. 523 (1868)); Mireles v. Waco, 502 U.S. 9, 11–12 (1991). The doctrine of absolute judicial immunity protects judicial officers not only from liability, but also from suit. Mireles, 502 U.S. at 11. The doctrine of absolute judicial immunity applies to judicial acts of judges acting within their jurisdiction in suits brought pursuant to 42 U.S.C. § 1983. Pierson v. Ray, 386 U.S. 547, 554 (1967).

Here, Plaintiff has failed to allege any specific facts showing that Judge Atlas, named as a Defendant in this action, took any action against Plaintiff other than when acting within the scope of her official duties as a federal judicial officer. Judge Atlas is thus immune from suit under the doctrine of judicial immunity, and Plaintiff's claims against her must fail.

## VII. Limitations in Civil Rights Cases

There is no federal statute of limitations for § 1983 actions. See Hardin v. Straub, 490 U.S. 536, 538 (1989) ("Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law."); Edmonds v. Oktibbeha Cnty., Miss., 675 F.3d 911, 916 (5th Cir. 2012). The Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. Wallace v. Kato, 549 U.S. 384, 387 (2007). State law also governs the tolling of limitations periods for

§ 1983 claims. Hardin, 490 U.S. at 539. The determination of when the cause of action accrues, however, is governed by federal law. Wallace, 549 U.S. at 388. Under the federal standard, the time of accrual is when the Plaintiff knows or has reason to know of the injury which is the basis of the action. Edmonds, 675 F.3d at 916.

In Texas, the applicable limitations period is two years. Crostley v. Lamar Cnty., Tex., 717 F.3d 410, 421 (5th Cir. 2013) ("the limitations period for a § 1983 claim is the same as for personal injury actions in the forum state, which in Texas is two years"). Plaintiff alleges at various points in his original Complaint that he was improperly denied good conduct time credits during the period 1998 through 2003 and that a lawsuit Plaintiff filed in the United States District Court for the Southern District of Texas was erroneously dismissed in either March or April, 2012. (Dkt. # 1.) Plaintiff is barred from bringing a complaint under § 1983 alleging harm from events which transpired more than two years before August 28, 2014, the date Plaintiff filed his original complaint in this lawsuit. Thus, insofar as Defendants' alleged acts or omissions took place before August 28, 2012, Plaintiff's claims based upon § 1983 must fail.

## VIII. Heck v. Humphrey Foreclosure

Plaintiff's Complaint appears to include allegations that a Section 2254 habeas corpus action previously filed by Plaintiff collaterally attacking one or more of his state criminal convictions was improperly dismissed. Insofar as Plaintiff challenges the validity of any of his three state criminal convictions, his claims herein are foreclosed by well-settled Supreme Court precedent.

No cause of action exists under § 1983 for state prisoners who bring civil rights actions for allegedly unconstitutional conviction or imprisonment, or otherwise collaterally attack the constitutionality of the convictions that form the basis for their incarceration, unless

the state prisoner can show that the state criminal conviction he is collaterally attacking has been expunged by executive order, reversed on direct appeal, called into question by a state or federal habeas court, or invalidated by some other state authority with jurisdiction to do so. Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). A claim for damages for allegedly unlawful unconstitutional conviction or imprisonment that has not been so invalidated is not cognizable under § 1983. Id. A district court must consider "whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated." Ballard v. Burton, 444 F.3d 391, 396 (5th Cir. 2006).

Insofar as Plaintiff's § 1983 claims attempt to collaterally attack Plaintiff's murder conviction, those claims are foreclosed by the rule in Heck. Plaintiff has failed to allege any facts suggesting that his underlying convictions have been invalidated or otherwise called into question by any federal or state authority with authority to do so. As a result, Plaintiff's attempt to collaterally attack his prior conviction must fail.

### IX. Claims for Restoration of Good Conduct Time Credits Frivolous

Insofar as Plaintiff wishes to challenge his loss of good conduct time credits, § 1983 does not provide a remedy. Federal habeas corpus relief under 28 U.S.C. § 2254, not an action for damages under 42 U.S.C. § 1983, is the appropriate remedy when a prisoner seeks to challenge the fact or duration of his physical imprisonment. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); Kimbrell v. Cockrell, 311 F.3d 361, 362 (5th Cir. 2002) ("[W]hen a prisoner is

eligible for mandatory supervised release, and when prison disciplinary proceedings result in a change in good-time earning status that extends the prisoner's release date, the prisoner's petition challenging such proceedings falls within § 2254.").

When a state creates a right to good conduct time credits which reduce the duration of a prisoner's imprisonment, and the state recognizes deprivation of such credits as a sanction for misconduct, the prisoner possesses a substantial liberty interest in the lost credits protected by the Fourteenth Amendment's Due Process Clause. Wolff v. McDonnell, 418 U.S. 539, 557, 563-66 (1974). The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. Sandin v. Connor, 515 U.S. 472, 478 (1995). Only those conditions that impose atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life implicate Due Process liberty interests. Id. at 484–86, Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997) (holding that liberty interests protected by the Due Process Clause are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner).

Plaintiff's complaints about allegedly improper reductions in his classification status at various times during Plaintiff's lengthy TDCJ incarceration do not impact the duration of petitioner's imprisonment and do not implicate any protected constitutional liberty interests. Loss of good conduct time credits by Texas prisoners eligible for release on mandatory supervised release, however, sufficiently affects the duration of their imprisonment as to warrant Due Process Clause protection. Teague v. Quarterman, 482 F.3d 769, 774–77 (5th Cir. 2007). If a Texas prisoner is ineligible for mandatory supervised release, however, no federal

constitutional claim for relief may be granted.  Arnold v. Cockrell, 306 F.3d 277, 278 (5th Cir. 2002).

Petitioner was convicted of murder with a deadly weapon.  Pursuant to Section 508.149(a)(1) and (a)(2) of the Texas Government Code, Plaintiff is not eligible for mandatory supervised release.  Federal habeas relief cannot be granted unless the petitioner alleges he has been deprived of some right secured to him by the United States Constitution or the laws of the United States.  Teague, 482 F.3d at 773.  Petitioner's complaints about alleged deficiencies in the TDCJ's administrative proceedings which resulted in petitioner's loss of good conduct time credits do not implicate any constitutionally protected liberty interest because petitioner is not eligible for mandatory supervised release.  Therefore, Plaintiff is not entitled to relief under § 2254 in connection with any allegedly erroneous deprivation of good conduct time credits.

## X. Conclusion

Accordingly, it is hereby **ORDERED** that:

1. The referral of this cause to the Magistrate Judge is **WITHDRAWN.**

2. Plaintiff's motion for leave to proceed in forma pauperis, filed September 2, 2014 (Dkt. # 2) is **DENIED** pursuant to 28 U.S.C. § 1915(g).

3. All of Plaintiff's claims in this lawsuit are **DISMISSED WITHOUT PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b).

4. Alternatively, all of Plaintiff's claims in this action are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with the Magistrate Judge's Show Cause Order of September 9, 2014 (Dkt. # 3).

5. All other pending motions are **DISMISSED** AS MOOT.

6.  Pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A), this Court certifies that, for the reasons set forth at length above, any appeal Plaintiff makes from the Judgment in this cause is necessarily not taken in good faith.

7.  **The Clerk of Court shall send a copy of this Memorandum Opinion and Order and the Final Judgment in this case to the Pro Se Staff Attorney, Attn.: Keeper of the "Three Strikes List," U.S. District Court for the Eastern District of Texas for the Tyler Division, 211 West Ferguson, Tyler, Texas 75702, so this case may be recorded in the "Three-Strikes List."**

8.  The Clerk of this Court shall transmit Certified a copy of this Memorandum Opinion and Order and the Final Judgment in this cause to the TDCJ Office of General Counsel, P.O. Box 13084, Austin, Texas 78711.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, December 10, 2014.

_____
David Alan Ezra
Senior United States Distict Judge